# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0614
Filed February 25, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Jesse Jared Lee Garcia,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Muscatine County,
The Honorable Tamra Roberts, Judge.

———————————

## APPEAL DISMISSED

———————————

Denise M. Gonyea of McKelvie Law Office, Grinnell, attorney for
appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Greer, P.J.

1

**GREER, Presiding Judge.**

Jesse Garcia admitted to committing the crimes of burglary in the second degree and domestic abuse assault with a dangerous weapon. To resolve the criminal matter, he pleaded guilty by a written plea agreement. In the plea agreement, Garcia agreed to serve ten years on the burglary count and two years on the domestic abuse assault, with the sentences to run concurrently. The court imposed the agreed-upon sentence at the sentencing hearing.

On appeal, Garcia asserts the court "failed to give due consideration to the [pre-sentence investigation's] recommendation, failed to state adequate reasons for rejecting it, and imposed a sentence inconsistent with Iowa's rehabilitative sentencing framework." But what Garcia failed to show is good cause to appeal his conviction and sentence. *See* Iowa Code § 814.6(1)(a)(3) (2025); *State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024); *State v. Damme*, 944 N.W.2d 98, 103–05 (Iowa 2020). Because he received the sentences to which he agreed and his crimes are not class "A" felonies, his appeal must be dismissed because we do not have jurisdiction to hear his appeal without a showing of good cause. *See State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (recognizing *Damme* only established good cause to challenge sentencing following a guilty plea when the sentence imposed "was neither mandatory nor agreed to in the plea bargain"). Because we lack jurisdiction to consider this appeal from a guilty plea, we must dismiss it.

**APPEAL DISMISSED.**